UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOVAN SMELLEY,
Plaintiff,

Case No:

-vs

Hon.

JAMES FISHER, KURTISS STAPLES,
and ANTHONY WRIGHT,
In their Individual capacities,
and Jointly and Severally,

Defendants.
_______________________________________________/

BEN M. GONEK (P43716)
Giarmarco, Mullins & Horton, P.C.
Attorneys for Plaintiff
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084
(248) 457-7000
_______________________________________________/

There is no other pending or resolved civil action between these parties arising out of the same transaction or occurrence alleged in this Complaint.

**COMPLAINT AND JURY DEMAND**

NOW COMES, the Plaintiff, JOVAN SMELLEY, by and through his attorneys, GIARMARCO, MULLINS & HORTON, P.C., and for his Complaint in this matter, states the following:

**INTRODUCTION**

1. This cause of action is civil in nature and arises from the actions of individuals employed as police officers through the Detroit Police Department contrary to 42 U.S.C. § 1983 and

the Fourth and Fourteenth Amendments to the Constitution of the United States of America as well as state law.

2. Defendants, while acting intentionally with malice and ill will and in wanton and willful disregard to Plaintiff JOVAN SMELLEY's (hereinafter, "Mr. Smelley") Constitutional Rights, caused Mr. Smelley to be unlawfully arrested and imprisoned without the existence of probable cause, to be unlawfully searched and seized where there was no legal justification to do so, and to be maliciously prosecuted in direct violation of his constitutional rights.

**PARTIES**

3. Plaintiff, Mr. Smelley, is a resident of the City of Detroit, County of Wayne, State of Michigan.

4. Upon information and belief, DEFENDANT JAMES FISHER (hereinafter, "Fisher") is a resident of the City of Detroit, County of Wayne, State of Michigan, and at all times relevant to this Complaint, was employed as a police officer by the Detroit Police Department, and is being sued in his individual capacity.

5. Upon information and belief, DEFENDANT KURTIS STAPLES (hereinafter, "Staples") is a resident of the City of Detroit, County of Wayne, State of Michigan, and at all times relevant to this Complaint, was employed as a police officer by the Detroit Police Department, and is being sued in his individual capacity.

6. Upon information and belief, DEFENDANT ANTHONY WRIGHT (hereinafter, "Wright") is a resident of the City of Detroit, County of Wayne, State of Michigan, and at all times relevant to this Complaint, was employed as a police officer by the Detroit Police Department, and is being sued in his individual capacity.

7. At all times relevant herein and in their actions described herein, the individually named Defendants were acting under the color of state law.
8. At the time the events alleged in this Complaint occurred, the individually named Defendants were violating Mr. Smelley's clearly established Constitutional Rights and Defendants' actions were clearly unreasonable. As such, Defendants are not entitled to the defenses of either qualified or governmental immunity.

**JURISDICTION AND VENUE**

9. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, as well as the Fourth and Fourteenth Amendments to the Constitution of the United States as well as state law.
10. The actions alleged in this Complaint took place in the County of Wayne, State of Michigan, and the Plaintiff is seeking damages in excess of $25,000, exclusive of interest and costs.
11. Thus, jurisdiction and venue are proper in this Court.

**FACTS**

12. Plaintiff incorporates by reference paragraphs one (1) through twelve (12) of this Complaint as if fully stated herein.
13. On or about September 26, 2003, Mr. Terrell Bridgeforth was shot and killed in the City of Detroit, County of Wayne, State of Michigan.
14. Defendant Kurtiss Staples was initially the Officer in Charge of the Homicide Investigation.
15. Defendant Anthony Wright subsequently replaced Defendant Kurtiss Staples as the Officer in Charge of the Homicide investigation
16. Defendant James Fisher was a Detroit Police Officer assigned to work on the

investigation as well.

17. During the course of their investigation Defendant Staples, Wright, and Fisher caused evidence to be manufactured and presented a warrant request which contained false information concerning the facts and circumstances of the shooting of Mr. Bridgeforth.
18. As a result of the Defendants' actions, Mr. Smelley was charged with second degree murder and felony firearm.
19. Prior to the original trial and the subsequent retrial, all the Defendants purposefully withheld discovery from the Plaintiff and his counsel in the criminal case.
20. On April 20, 2009 in the Wayne County Circuit Court the case was dismissed because of the individual Defendants illegal conduct.
21. Plaintiff was ultimately acquitted of all charges.

**FIRST CLAIM**
**Unlawful Arrest and Imprisonment under 42 U.S.C. § 1983**
**and the Fourth and Fourteenth Amendments**

22. Plaintiff incorporates by reference paragraphs one (1) through twenty-two (22) of this Complaint as if fully stated herein.
23. By arresting and imprisoning Mr. Smelley where there was no probable cause to do so, the individually named Defendants, acting individually or in concert under the color of law, acted intentionally, maliciously, and with ill will in wanton and willful disregard to Mr. Smelley's Rights under the Constitution.
24. Any reasonable person or police officer should have known that such actions were in violation of Mr. Smelley's clearly established Constitutional Rights, thus Defendants are not entitled to either qualified or governmental immunity.

25. As a direct and proximate result of Defendants' actions and the unlawful arrest and imprisonment of Mr. Smelley, Mr. Smelley suffered injury and damage including, but not limited to, the following:

    a. Physical injuries;
    b. Pain, suffering, and emotional distress;
    c. Injuries to his reputation;
    d. Aggravation of pre-existing medical conditions;
    e. Humiliation, mortification, and embarrassment;
    f. Post-traumatic stress disorder, anxiety, and depression; and
    g. Other injuries, damages, and/or consequences that are found to be related to the incident that develop or manifest themselves during the course of discovery and trial.

**SECOND CLAIM**
**Malicious Prosecution under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments**

26. Plaintiff incorporates by reference paragraphs one (1) through thirty-one (31) of this Complaint as if fully stated herein.

27. By intentionally fabricating evidence in police and investigator reports and by offering perjured testimony at the preliminary examination for the purpose of subjecting Mr. Smelley to criminal prosecution, the individually named Defendants, acting individually and in concert under the color of law, acted intentionally, maliciously, and with ill will in willful and wanton disregard to Mr. Smelley's Rights under the Constitution.

28. Any reasonable person or police officer should have known that such actions were in violation of Mr. Smelley's clearly established Constitutional Rights, thus Defendants are not entitled to either qualified or governmental immunity.

29. As a direct and proximate result of Defendants' actions and the malicious prosecution of Mr. Smelley, Mr. Smelley suffered injury and damage including, but not limited to, the following:

   a. Physical injuries;
   b. Pain, suffering, and emotional distress;
   c. Injuries to his reputation;
   d. Aggravation of pre-existing medical conditions;
   e. Humiliation, mortification, and embarrassment;
   f. Post-traumatic stress disorder, anxiety, and depression; and
   g. Other injuries, damages, and/or consequences that are found to be related to the incident that develop or manifest themselves during the course of discovery and trial.

**THIRD CLAIM**
**Withholding Exculpatory Evidence under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments**

30. Plaintiff incorporates by reference paragraphs one (1) through thirty (30) of this Complaint as if fully stated herein.

31. By withholding evidence the Defendants were under a legal obligation to turn over to the Plaintiff during the course of his criminal trials, the individually named Defendants, acting individually and in concert under the color of law, acted intentionally, maliciously, and with ill will in willful and wanton disregard to Mr. Smelley's Rights under the

Constitution.

32. Any reasonable person or police officer should have known that such actions were in violation of Mr. Smelley's clearly established Constitutional Rights, thus Defendants are not entitled to either qualified or governmental immunity.

33. As a direct and proximate result of Defendants' actions, Mr. Smelley suffered injury and damage including, but not limited to, the following:

    a. Physical injuries;

    b. Pain, suffering, and emotional distress;

    c. Injuries to his reputation;

    d. Aggravation of pre-existing medical conditions;

    e. Humiliation, mortification, and embarrassment;

    f. Post-traumatic stress disorder, anxiety, and depression; and

    g. Other injuries, damages, and/or consequences that are found to be related to the incident that develop or manifest themselves during the course of discovery and trial

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff JOVAN SMELLEY respectfully requests that this Honorable Court grant the following relief against the Defendants:

A. Compensatory damages in an amount which is fair, just and reasonable;

B. Punitive damages in an amount to be determined by the Court or at trial which is fair, just, and reasonable based on the intentional, malicious, and willful conduct of the Defendants;

C. Equitable relief, including that this Court may enjoin and order that Defendants, their officers, agents, employees, and successors in office, be made to adopt appropriate

policies to prevent future instances of the type of unlawful practices described in this Complaint;

D. Attorney fees, costs of this action, and costs of other actions that may be associated with the events and actions described in this Complaint; and

E. Such other and further relief as this Court may deem equitable, necessary, appropriate, and just.

Respectfully submitted,

GIARMARCO, MULLINS & HORTON, P.C.

/s/ *Ben M. Gonek*

BEN M. GONEK (P43716)
Attorneys for Plaintiff
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084
(248) 457-7000

Dated: January 3, 2012

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOVAN SMELLEY,
Plaintiff,

Case No:

-vs

Hon.

JAMES FISHER, KURTISS STAPLES,
and ANTHONY WRIGHT,
In their Individual capacities,
and Jointly and Severally,

Defendants.
____________________________________________/

BEN M. GONEK (P43716)
Giarmarco, Mullins & Horton, P.C.
Attorneys for Plaintiff
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084
(248) 457-7000
____________________________________________/

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues for which a right to trial by jury exists.

GIARMARCO, MULLINS & HORTON, P.C.

/s/ *Ben M. Gonek*
BEN M. GONEK (P43716)
Attorneys for Plaintiff
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7123

Dated: January 3, 2012